[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 2, 1996
FACTS:
Plaintiffs Franco and Maria Mancini filed a two count complaint on October 23, 1995 against the defendants seeking to recover damages from a motor vehicle accident which occurred on CT Page 5167 December 25, 1993 in Waterbury, Connecticut.
At that time plaintiff Franco Mancini was the owner and operator of a motor vehicle in which the plaintiff Maria Mancini was a passenger. Plaintiffs allege that an accident occurred when another motor vehicle, owned by the defendant Seymour and operated by the defendant Mitchley struck the plaintiffs' vehicle head-on causing the injuries complained of. The defendant Mitchley filed an apportionment complaint against one Raffaele Palmieri, the apportionment defendant.
The apportionment complaint seeks to join the apportionment defendant Palmieri, (the plaintiff Maria Mancini's father), claiming the injuries suffered by Maria Mancini were as a result of an accident which occurred later on December 25, 1993 when Palmieri was taking Maria Mancini home following the first accident. The apportionment defendant, Palmieri, moves to strike the apportionment complaint alleging that the accidents were separate and therefore separate "transactions" which should not be joined in an apportionment complaint.
DISCUSSION:
The proper way to challenge a claimed misjoinder of causes of action is a Motion to Strike. Section 152 of the Practice Book provides:
 . . . Whenever a party wished to contest . . . (4) the joining of for more causes of action which cannot properly be united in one Complaint, whether the same be stated in one or more counts, . . . that party may do so by filing a Motion to Strike that contested pleading or part thereof.
The question before the court is whether an apportionment complaint properly lies, or whether, as claimed by the apportionment defendant, P.A. 95-111, which authorizes apportionment complaints, only permits such actions where the apportionment is sought arising out of the "same transaction or transactions connected with the same subject of action."
Section 52-97 of the Connecticut General Statutes provides in pertinent part:
In any civil action the plaintiff may include in his CT Page 5168 complaint both legal and equitable rights and causes of action . . .; but, if several causes of action are united in the same complaint, they shall all be brought to recover, either . . . (2) for injuries, . . . to person or property . . . arising out of the same transaction or transactions connected with the same subject of action.
Public Act 95-111(d) provides in pertinent part:
 (d) . . . the plaintiff may, . . . assert any claim against the apportionment defendant arising out of the transaction or occurrence which is the subject matter of the original complaint (emphasis supplied).
The accidents in which the plaintiffs were injured were clearly separate transaction[s] or occurrences and P.A. 95-111 does not apply.
The Motion to Strike is granted.
MCLACHLAN, J.